[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM
In this action the plaintiff, a wholesale produce dealer, seeks to recover a balance claimed to be due from the defendant, a restaurant operator. There is no question but that the plaintiff did sell and deliver goods to the defendant and that there is an outstanding balance due. Determination of the amount of that balance is complicated by the fact that the parties customarily dealt with cash instead of checks and also both the plaintiff and its predecessor from whom the produce business was purchased frequently permitted the defendant to build up substantial balances.
The complaint was inartfully drawn and could be interpreted as claiming only a balance due the plaintiff's predecessor from whom the produce business, including accounts receivable, had been purchased, but I conclude that the defendant had fair notice that CT Page 3879 the suit was for the balance due on a running account and therefore I permitted amendment so that the pleadings conformed to the proof. The plaintiff admitted during trial that the outstanding balance as of the date of the bulk sale to it had been paid, so the only inquiry is as to transactions after that sale date which was at the end of June, 1988.
The plaintiff produced numerous delivery slips showing ongoing sales from July, 1988 through February, 1989. The sales totaled $8,799.90 and cash payments were noted on some of the slips in the amount of $2,939.90 leaving an outstanding balance of $5,860. There was then an hiatus in documentation until ledger sheets commencing July 5, 1989 were introduced. The ledger shows a balance forward from June 30, 1989 of $9,031.25. It then shows purchases from time to time from July through November, 1989 and payments from July, 1989 to January, 1990 that resulted in a balance due of $5,860.
For his part, the defendant produced no documentation whatsoever. He did not contest the validity of any of the delivery slips that were in evidence. He limited himself to the general assertion that the statements were "out of whack" while admitting that something approximating $1,500 was due. Insofar as the ledger balance as of January 3, 1990 is exactly the same as the balance evidenced by the delivery slips from August, 1988 through February, 1989, it is apparent that if the plaintiff is in error, that would have to come about because of those slips which are in evidence, so the defendant had ample opportunity to point out the errors, but he did not do so. I am forced to conclude that he has not rebutted the plaintiff's burden of proof which is substantiated by business entries.
Judgment may enter for the plaintiff in the amount of $5,860, costs to be taxed.
J. HEALEY STR